IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TEVA PHARMACEUTICALS INTERNATIONAL GMBH and TEVA PHARMACEUTICALS USA, INC., <br><br>        Plaintiffs, <br><br>    v. <br><br>ELI LILLY AND COMPANY, <br>        Defendant. | Civil Action No. <br>1:18-cv-12029-ADB <br><br> |

**LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF PLAINTIFFS TEVA PHARMACEUTICALS INTERNATIONAL
GMBH AND TEVA PHARMACEUTICALS USA, INC.'S MOTION FOR SUMMARY
JUDGMENT OF NO INEQUITABLE CONDUCT AND UNCLEAN HANDS**

Pursuant to Local Rule 56.1, Plaintiffs Teva Pharmaceuticals International GmbH and Teva Pharmaceuticals USA, Inc. ("Teva") submit, in support of their Motion for Summary Judgment of No Inequitable Conduct and Unclean Hands, the following concise statement of the material facts of record as to which Teva contends there are no genuine issues to be tried.

**I.    BACKGROUND**

1.    U.S. Patent No. 8,586,045 (the "'045 patent") is titled "Methods of Using Anti-CGRP Antagonist Antibodies." Ex. 1.

2.    Joerg Zeller, Kristian T. Poulsen, Yasmina Noubia Abdiche, Jaume Pons, Sierra Lee Jones Collier, and Arnon Rosenthal are named inventors of the '045 patent. Ex. 1.

3.    U.S. Patent No. 9,884,907 (the "'907 patent") is titled "Methods for Treating Headache Using Antagonist Antibodies Directed Against Calcitonin Gene-Related Peptide." Ex. 2.

4. Joerg Zeller, Kristian T. Poulsen, Yasmina Noubia Abdiche, Jaume Pons, Sierra Lee Jones Collier, and Arnon Rosenthal are named inventors of the '907 patent. Ex. 2.

5. U.S. Patent No. 9,884,908 (the "'908 patent") is titled "Methods for Treating Headache Using Antagonist Antibodies Directed Against Calcitonin Gene-Related Peptide." Ex. 3.

6. Joerg Zeller, Kristian T. Poulsen, Yasmina Noubia Abdiche, Jaume Pons, Sierra Lee Jones Collier, and Arnon Rosenthal are named inventors of the '908 patent. Ex. 3.

7. U.S. Patent Nos. 8,586,045, 9,884,907, and 9,884,908 are the patents-in-suit in this litigation. Exs. 1–3.

8. The patent claims at issue in this case are directed to treating migraines by using antibodies that bind to the peptide calcitonin gene-related peptide ("CGRP") and inhibit its function. *See, e.g.*, Ex. 1 at 100:3–7 (claim 17).

9. CGRP has three regions: an N-terminal region, a mid-region, and a C-terminal region. *See* Ex. 9 (Responsive Expert Report of Geoffrey Hale Regarding Validity, dated November 1, 2021) ¶ 112.

10. The specification in the '045 patent shows C-terminal antibodies that bind, but do not antagonize CGRP. Ex. 1 at 26:60–27:2; 51:5–28, 52:1–28.

II. **LILLY'S INEQUITABLE CONDUCT THEORIES**

11. Lilly's amended counterclaims assert two counts of inequitable conduct. Lilly's Supplemental Second Amended Answer, Dkt No. 275 ("SSAA") ¶¶ 139–84, 187–287.

12. Lilly's first counterclaim for inequitable conduct alleges that an unspecified person committed inequitable conduct relating to the filing of three Petitions to Accept An Unintentionally Delayed Priority Claim Under 35 U.S.C. § 120. SSAA, Count XIX.

Case 1:18-cv-12029-ADB   Document 419   Filed 07/27/22   Page 3 of 10

13. Lilly's second counterclaim for inequitable conduct alleges that named inventors ▮▮▮▮▮ committed inequitable conduct by failing to disclose to the U.S. Patent and Trademark Office ("PTO") prior art literature they were allegedly aware of, *The effect of monoclonal antibodies to calcitonin gene-related peptide (CGRP) on CGRP-induced vasodilatation in pig coronary artery rings*, 106 Br. J. Pharmacol. 196-198 (1992) ("Shaw" or "the Shaw reference"), that allegedly demonstrated that a monoclonal antibody binding to the mid-region of CGRP failed to block CGRP and instead enhanced its effects. *E.g.*, SSAA ¶ 192; Ex. 11 (Shaw).

14. Lilly also alleges that ▮▮▮▮▮ committed inequitable conduct by failing to disclose to the PTO ▮▮▮▮▮ *E.g.*, SSAA ¶ 193.

15. Lilly also alleges that ▮▮▮▮▮ committed inequitable conduct by failing to disclose to the PTO ▮▮▮▮▮ *E.g.*, SSAA ¶ 198.

### III. EXPERT OPINION AND FACT TESTIMONY REGARDING LILLY'S FIRST COUNTERCLAIM FOR INEQUITABLE CONDUCT

16. The law firm Wilson Sonsini Goodrich & Rosati, including Drs. Adam Cole and Jeffrey Giering, participated in prosecution of the patents-in-suit. *See, e.g.*, Ex. 19 (deposition transcript of Jeffrey Giering, dated June 4, 2021) at 143:10–144:5; Exs. 20–22 (Giering Dep. Exs. 15, 20, 21).

3

17. During prosecution, Dr. Cole signed three Petitions Under 37 C.F.R. § 1.78 to Accept An Unintentionally Delayed Priority Claim Under 35 U.S.C. §§ 120, 121 and 365(c)—dated January 15, 2015; April 1, 2015; and June 16, 2015—stating that the "entire delay" in making a priority claim was "unintentional." *See* Exs. 20–22.

18. Dr. Giering's name appeared in the signature block of those Petitions, but he did not sign them. *See* Exs. 20–22.

19. Lilly did not depose Dr. Cole.

20. Dr. Giering testified at his deposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21. Dr. Giering did not believe that that the statements in the Petitions that the "entire delay" was "unintentional" were false. ▮▮▮▮▮▮▮▮▮▮

### IV. EXPERT OPINION AND FACT TESTIMONY REGARDING ALLEGEDLY OMITTED DATA AND REFERENCES

22. The '045 Patent includes data on antibodies that bind to CGRP but do not block its effects. *See* Ex. 1 at 51:5–28, 52:1–27 (Tables 2 and 3).

23. Lilly did not serve any expert reports on PTO practice or procedure.

24. Lilly did not serve any expert report that provided an opinion that any of the claims in the patent would not have issued had Shaw, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

25. Lilly's expert Dr. McDonnell opined in his report ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████ Ex. 17 (deposition transcript of James McDonnell, dated January 7, 2022) at 151:5–10.

26. Dr. McDonnell testified during his deposition that ████████████████ ████████████████████████████████████████████████████████████████████████ ███████████████████

27. Dr. McDonnell did not consider whether Shaw and ███████████████ was cumulative of information disclosed to the PTO. ████████████████

28. Lilly's expert Dr. Charles opined in his report that ████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████.

29. The ████████████ disclosed the Shaw reference during prosecution of the '907 and '908 patents. Ex. 4 (Certified File History of U.S. Patent No. 9,884,907) at TEVA_FREM_000052797; Ex. 5 (Certified File History of U.S. Patent No. 9,884,908) at TEVA_FREM_000025387.

30. During patent prosecution, if an examiner does not strikethrough a reference, it means the reference was considered. MPEP § 609.05(b).

31. The examiner indicated that he considered Shaw in deciding whether to issue the '907 and '908 patents. Ex. 4 at TEVA_FREM_000052797; Ex. 5 at TEVA_FREM_000025387; *see* MPEP § 609.05(b).

32. The Shaw reference included data on an antibody that bound to the mid-region of CGRP and failed to block the effects of CGRP. SSAA ¶ 192.

33. The Shaw reference included data on an antibody that bound to the N-terminal region of CGRP and did block the effects of CGRP. *See* Ex. 11.

5

34. The Shaw reference shows that some non-C-terminal binding antibodies antagonize CGRP. *See* Ex. 11.

35. The PTO issued the '907 and '908 patents even though the Shaw reference was cited during prosecution. *See generally* Exs. 2–3.

36. The Shaw reference was submitted to the PTO during the prosecution of U.S. Patent Nos. 9,266,951, 9,340,614, and 9,346,881 on November 30, 2015. Ex. 6 (Certified File History of U.S. Patent No. 9,266,951) at TEVA_FREM_000047844; Ex. 7 (Certified File History of U.S. Patent No. 9,340,614) at TEVA_FREM_000052156; Ex. 8 (Certified File History of U.S. Patent No. 9,346,881) at TEVA_FREM_39450.

37. The Shaw reference and ▓▓▓ were cumulative of disclosures ▓▓▓ made during prosecution of the patents-in-suit. Ex. 9 ¶¶ 378–84, 397.

38. Both ▓▓▓ and Shaw were "duplicative of disclosures in the specification and prior art non-antagonist anti-CGRP antibodies with a variety of different epitopes"—*i.e.*, that bound to different regions of CGRP. Ex. 9 ¶¶ 390, 397.

39. Lilly did not disclose an expert opinion addressing whether Shaw and the ▓▓▓ were duplicative of disclosures ▓▓▓ made to the Patent Office. *See generally* Ex. 17.

40. Certain ▓▓▓ Lilly alleges was withheld from the PTO shows that some N-terminal antibodies bind but do not antagonize CGRP. Ex. 9 ¶¶ 298, 379, 384.

41. Certain ▓▓▓ Lilly alleges was withheld from the PTO addressed polyclonal antibodies, not monoclonal antibodies. Ex. 9 ¶¶ 376–77.

42. The ███████████████ was preliminary. ███████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

43. The PTO would not need Shaw or ███████████████████ to conclude that a certain level of binding affinity is insufficient for an anti-CGRP antibody to be an antagonist. ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████

44. Dr. Hale opined that Shaw and ███████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████

45. Lilly did not disclose an expert opinion addressing whether ████████████ was duplicative of disclosures the inventors made to the Patent Office. *See generally* Ex. 17.

46. The ███████████████████████████████ was not fully complete at the time of the filing date of the patent. ███████████████████

47. Tan et al., *Demonstration of the neurotransmitter role of calcitonin gene-related peptides (CGRP) by immunoblockade with anti-CGRP monoclonal antibodies*, 111 Br. J. Pharmacol. 703–710 (1994) ("Tan 1994") was disclosed during prosecution of the patents-in-suit. Ex. 12; *see, e.g.*, Ex 4 at TEVA_FREM_000052797; Ex. 5 at TEVA_FREM_000025387.

48. Tan discloses, citing Shaw: "The binding of an antibody to a peptide does not always result in blockade of biological activity." Ex. 12 at 708.

49. ████████████████ participated in some form in drafting or reviewing at least portions of the November 2006 PCT Application, to which each of the patents-in-suit claim

7

priority. ▮

▮

50. ▮ did not know whether Shaw, ▮ was submitted to the PTO. ▮

51. The inventors' disclosed information to the PTO during prosecution of the patents-in-suit disclosing that not all antibodies that bind CGRP also antagonize it. Ex. 1 at 51:5–28, 52:1–27 (Tables 2 and 3).; Ex. 4; Ex. 5; Ex. 12.

52. Cortical spreading depression only occurs in a subset of patients. ▮

53. ▮ is an animal model that models a very specific aspect of migraine. ▮

54. A negative result in ▮ does not mean that the antibody does not work to treat migraine. ▮

55. ▮ data did not have a positive control. *See* ▮

56. ▮ data was inconclusive because the experiment lacked a positive control. *See* ▮.

57. ▮ believed that ▮ was inconclusive because the experiment lacked a positive control. *See* ▮

Dated:  March 28, 2022　　　　　　　　　　Respectfully Submitted,

/s/ Elaine Herrmann Blais
Douglas J. Kline (BBO# 556680)
Elaine Herrmann Blais (BBO# 656142)
Robert Frederickson III (BBO# 670111)
Joshua S. Weinger (BBO# 690814)
Alexandra Lu (BBO# 691114)
Eric T. Romeo (BBO# 691591)
Kathleen A. McGuinness (BBO# 693760)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
dkline@goodwinlaw.com
eblais@goodwinlaw.com
rfrederickson@goodwinlaw.com
jweinger@goodwinlaw.com
alu@goodwinlaw.com
eromeo@goodwinlaw.com
kmcguinness@goodwinlaw.com

I. Neel Chatterjee (*pro hac vice*)
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
Tel.: (650) 752-3100
Fax: (650) 853-1038
nchatterjee@goodwinlaw.com

Natasha E. Daughtrey (*pro hac vice*)
GOODWIN PROCTER LLP
601 S. Figueroa St.
Los Angeles, CA 90017
Tel.: (213) 426-2500
Fax: (213) 623-1673
ndaughtrey@goodwinlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Elaine Hermann Blais, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on July 27, 2022.

/s/ *Elaine Herrmann Blais*
Elaine Herrmann Blais (BBO# 656142)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
eblais@goodwinlaw.com