**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TEVA PHARMACEUTICALS INTERNATIONAL GMBH and TEVA PHARMACEUTICALS USA, INC., *Plaintiffs*, v. ELI LILLY AND COMPANY, *Defendant*. | Civil Action No. 1:18-cv-12029-ADB |

# JOINT STATUS REPORT

On December 30, 2022, this Court entered judgment on a jury verdict for plaintiff Teva of willful infringement, no invalidity, and damages in the amount of $176,540,000. ECF 638. On January 27, 2023, Teva filed a motion with respect to post-trial relief seeking (1) an enhancement of the jury's damages verdict due to Lilly's willful infringement; (2) an award of reasonable attorney's fees; (3) supplemental damages for past infringement during the period of July to October 2022; (4) an ongoing royalty; (5) pre- and post-judgment interest; and (6) an award of taxable costs. ECF 643. That same day, defendant Lilly filed a motion seeking judgment as a matter of law (JMOL) that the asserted claims were invalid for lack of written description and enablement and that Teva was not entitled to future lost profits damages, and for a new trial on written description and enablement. ECF 649. The Court addressed Lilly's motion in a memorandum opinion and judgment on September 26 and 28, 2023, respectively. ECF 695, 697. The Court granted Lilly's motion for JMOL with respect to invalidity, conditionally granted Lilly's motion for a new trial on invalidity, and denied Lilly's motion for JMOL with respect to damages. ECF 695, 697. The Court also denied Teva's motion for post-trial relief as moot in light of the

judgment of invalidity. ECF 696.

Teva appealed from the judgment against it, ECF 701, and Lilly noticed a conditional cross appeal with respect to damages, ECF 706, later voluntarily dismissed. On April 16, 2026, the Federal Circuit issued an opinion reversing the JMOL for Lilly and remanding for this court to conduct "any necessary or appropriate further proceedings consistent with this opinion." *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, 172 F.4th 1367, 1382 (Fed. Cir. 2026), *en banc* petition denied, 2026 WL 2935060 (Fed. Cir. Sept. 30, 2026). The Federal Circuit's mandate issued on October 7, 2026.

The parties dispute appropriate next steps on remand regarding the Court's conditional grant of a new trial in ECF 697 and supplemental damages proceedings. The parties are available for a status conference on these issues on December 9-11, 2026, if any of those dates are convenient for the Court.

## TEVA'S POSITIONS

### I. <u>The Federal Circuit's Remand Instructions Foreclose A New Trial On Invalidity</u>

Lilly argues the Court's conditional new trial order survived the Federal Circuit's decision reversing JMOL for Lilly and the Court "must" move forward with a new trial. That is meritless. Lilly's conditional new trial motion was expressly dependent on its JMOL arguments—it argued *only* that "the jury's 'verdict is against the weight of the evidence' *for the reasons detailed above,*" in the JMOL section of its brief. ECF 650 at 25 (emphasis added). The Court's conditional new trial order was likewise based entirely on the reasoning in its memorandum awarding JMOL to Lilly: "as explained in the Memorandum and Order, the jury's verdict with respect to written description and enablement was against the clear weight of the evidence presented." ECF 697. But the Federal Circuit reversed that JMOL decision, finding it was based on a misunderstanding of governing law. That means the *only* basis for the conditional new trial was legal error too.

It is clear, under the Federal Circuit's remand order and the record in this case, that no new trial should be held. Federal Rule of Civil Procedure 50(c)(2) states that, "if the [JMOL] is reversed, the new trial must proceed *unless the appellate court orders otherwise*." (emphasis added). Here, the Federal Circuit *did* "order otherwise": after reversing the award of JMOL, it remanded with instructions to conduct "any necessary or appropriate further proceedings consistent with this opinion." *Teva*, 172 F.4th at 1382. That phrasing was a deliberate choice; Teva cannot find another example of a federal appellate court using it. Compliance with that instruction requires revisiting prior decisions relating to "further proceedings" to determine whether they remain "necessary or appropriate … consistent" with the Federal Circuit's reasoning.

That court did not say: "except that a new trial on validity must be conducted regardless." Indeed, the only logical conclusion is that the Federal Circuit intended this Court to revisit the conditional new trial order under the correct § 112 legal principles. After all, the conditional new trial order concerned the very same § 112 issues as the JMOL order and was expressly and entirely dependent on the same legal reasoning in the JMOL order. And the Federal Circuit reversed the JMOL order in a precedential decision because it misconstrued the § 112 legal standards. If the Federal Circuit did not mean for this Court to evaluate whether a new trial on § 112 issues was "necessary or appropriate … consistent" with that court's decision reversing the underlying JMOL order based on legal error, then it is hard to imagine what it could have had in mind.

Lilly argues that Teva waived any challenge to the conditional new trial order on appeal. That is meritless too. The entire point of the appeal was to reinstate the jury verdict. Teva's notice of appeal identified the order, *see* ECF 701, its docketing statement requested "reinstatement of the jury verdict," and its briefing repeatedly asserted that this Court "should have let the jury verdict stand." Teva Op. Br. at 4, 60. Teva's arguments why this Court's reasoning in its JMOL

order misread § 112 precedent applied equally to the conditional new trial order, since the latter was expressly and entirely dependent on the former—it cross-referenced the JMOL order and adopted its reasoning *in toto*, with no additional analysis. What's more, Teva asked the Federal Circuit in the alternative to *vacate* the JMOL order, which would have required this Court on remand to reconsider the JMOL order under the correct § 112 law. Teva obviously was not asking the Federal Circuit to remand for reconsideration of the JMOL order under the correct law, even as a new trial order decided under the incorrect law remained firmly in place.

Lilly's argument also ignores that it is the appellate court's *mandate* that controls; the waiver rule on which Lilly relies applies in the *absence* of contrary remand instructions. Thus, in *ams-OSRAM USA Inc. v. Renesas Elecs. Am., Inc.*, the court explained that "*[u]nless remanded by this court*, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication." 133 F.4th 1337, 1351 (Fed. Cir. 2025) (emphasis added). And in that regard, the Federal Circuit has been clear that "the trial court should consider both the letter and the spirit of the mandate." *Yankee Atomic Elec. Co. v. United States*, 679 F.3d 1354, 1360 (Fed. Cir. 2012) (quotations and cite omitted). "An appellate mandate does not turn a district judge into a robot, mechanically carrying out orders that become inappropriate in light of … changes in the law." *Id.* (quotations and cite omitted). Put differently, the "law-of-the-case doctrine does not apply where controlling authority has since made a contrary decision of the law applicable to the issues." *Id.* (quotations and cite omitted). The Federal Circuit's *precedential* decision in this case, reversing this Court's JMOL order on the basis that it misconstrued applicable § 112 principles, is just such an authority, so it is unsurprising that that court directed this Court to determine if "any … further proceedings" are "necessary or appropriate … consistent" with its opinion. *See Columbia Sportswear N. Am., Inc. v. Seirus Innovative*

*Accessories, Inc.*, 80 F.4th 1363, 1374 (Fed. Cir. 2023) (in case involving an "issue of first impression" and failure to raise an argument in an initial appeal, explaining "the circumstances counsel against letting [the] forfeiture dictate what qualifies as comparison prior art," and remanding for further proceedings). Lilly cannot evade the Federal Circuit's express mandate by arguing that this Court should find waiver.

Tellingly, Lilly cites no case holding that a new trial must go forward where the new trial order depended on the very same erroneous *legal* reasoning in a JMOL decision that was reversed, and the mandate provided that "any … further proceedings" must be "necessary or appropriate … consistent with" the decision reversing JMOL. For example, in *Medisim Ltd. v. BestMed, LLC*, 758 F.3d 1352, 1360-61 (Fed. Cir. 2014), no JMOL had been preserved, and the new trial issue turned entirely on evidentiary, not legal, issues. None of Lilly's other cases involve the fact pattern of this case either. *See ams-OSRAM*, 133 F.4th at 1351-52 (separate punitive damages and compensatory damages issues); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347-48 (Fed. Cir. 2001) (similar); *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379 (Fed. Cir. 1999) (separate patent and contractual issues). In the only similar case, the Federal Circuit itself reversed a conditional new trial order as an abuse of discretion where it was "based on the same legal errors supporting [the district court's] grant of JMOL." *Biogen MA Inc. v. EMD Serono, Inc.*, 976 F.3d 1326, 1336 (Fed. Cir. 2020). While the Federal Circuit did not itself reverse the new trial order here, its mandate makes clear that this Court must reconsider the new trial order, this time applying the correct § 112 legal standards.

Reviewing the new trial question in light of the correct § 112 legal standards, the proper outcome is clear. First, the Court's prior new trial order, which wholly depended on the legal reasoning of the reversed JMOL order, is not "consistent" with the Federal Circuit's opinion, and

Lilly cannot credibly argue otherwise. Second, Lilly's new trial motion made no argument, not even in the alternative, that Lilly could prevail under the correct legal standards. Indeed, its entire theory of the case during the first trial—its expert testimony about "stars in the galaxy"—was based on the theory that Teva's patents needed the same level of disclosure as a patent to a novel class of antibodies. The Federal Circuit firmly rejected that theory. Lilly has therefore forfeited any right to a new trial under the correct legal standard, because "a party may not seek a second trial on the basis of a theory not urged at the first trial." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2805 (3d ed.).

Third, applying the correct law, the jury's verdict for Teva was clearly not against the weight of the evidence. In opposing Lilly's post-trial motions, Teva had advanced three key factual propositions. First, that anti-CGRP antagonist antibodies were already well known. ECF 667 at 13-14. Second, that humanizing such antibodies would be routine. *Id*. at 3. And third, that a POSA would understand that all such antibodies would work in the invention. *Id*. at 14. Lilly did not contest Teva's assertions that the murine antibodies were well known in the art or that humanizing them would be routine—it argued only that those facts were irrelevant. *See* ECF 683 at 5-6, 8, 11. Lilly's only arguably relevant claim was that, for purposes of an argument it was making under *Nuvo*, a POSA would not have expected *any* antibodies to work. *Id*. at 11-12.

This Court found the jury could have agreed with Teva on each of the key facts, explaining "the jury could have credited testimony that a POSA would understand how to humanize the disclosed murine antibodies, that anti-CGRP antagonist antibodies that could bind to different epitopes of CGRP were known in the art, and that all humanized anti-CGRP antagonist antibodies would treat headache." ECF 695 at 25; *see also id*. at 30 (similar). The Court also rejected Lilly's claim that a POSA would have expected the invention not to work. *Id*. at 39 n.23.

The Federal Circuit then explained that, under a correct view of the law, those facts were sufficient to support judgment for Teva. *See, e.g., Teva*, 172 F.4th at 1376 (written description); *id*. at 1381 (enablement). That matters, because this Court *already* agreed the jury could have found all those facts in Teva's favor, never stating that any was against the clear weight of the evidence. So the Court already implicitly answered the question before it: on a *correct* reading of precedent, the jury's verdict was *not* against the clear weight of the evidence. This also answers Lilly's observation that the evidentiary standards for a new trial and JMOL are different, so a new trial might be ordered even where JMOL has been reversed. The problem for Lilly is that this Court already resolved all the dispositive *evidentiary* disputes in Teva's favor.

For these reasons, the Court should deny Lilly's motion for a new trial.

## II. **The Court Should Move Forward With Teva's Motion For Post-Trial Relief**

The Court should move forward with deciding Teva's motion for post-trial relief, including by ordering discovery in aid of that motion. First, it should order Lilly to produce the following financial discovery concerning its Emgality sales since July 2022 as soon as practicable:

1) Updated Emgality P&L including monthly data from July 2022 to November 2026 (when the asserted patents expire) for the same fields contained in PTX_1808.

2) Information about Emgality uncovered units with monthly copay support data from July 2022 to November 2026, such as information contained in PTX_1810 at 30 and PTX_1167.

This is the same type of information that Teva requested in its motion for post-trial relief. *See* ECF 644 at 21. The Court should then permit Teva to file a supplemental brief within thirty (30) days of Teva receiving the requested discovery from Lilly, which would (1) provide updated calculations of supplemental damages and accrued running royalties and (2) address the calculation of pre- and post-judgment interest under recent interest rates; Teva's additional attorney's fees and taxable costs; and enhanced damages in light of the outcome on appeal.

Lilly has proposed that any further proceedings relating to Teva's motion be stayed while

its anticipated cert petition is pending. That request is untimely and lacks any merit. If Lilly wanted further proceedings in this Court stayed pending its cert petition, it had the option of asking the Federal Circuit and the Supreme Court to stay issuance of the mandate. Fed. R. App. P. 41(d)(1); Sup. Ct. R. 23. It asked neither of those courts for that relief. Now that the mandate has issued, the ordinary course is for proceedings in this Court to move forward even as any cert petition is pending. *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 2024 WL 1494375, at *1 (D. Mass. Apr. 5, 2024). Also, the Supreme Court addressed these § 112 topics only three years ago in *Amgen Inc. v. Sanofi*, 598 U.S. 594 (2023), and there is essentially no chance it will grant cert to address them again. Any delay would avoid only minimal additional attorney's fees, given that the parties have already fully briefed Teva's motion for post-trial relief and only discrete further discovery is requested.

## <u>LILLY'S POSITIONS</u>

### I. Lilly Is Entitled To A New Trial On Written Description And Enablement.

As this Court has already held, Lilly is entitled to a new trial on written description and enablement. The Court's judgment clearly stated that "were the Federal Circuit to vacate this judgment, a new trial would be warranted because, as explained in the Memorandum and Order, the jury's verdict with respect to written description and enablement was against the clear weight of the evidence presented." ECF 697 at 1. Pursuant to Federal Rule of Civil Procedure 50(c), "if the judgment is reversed, the new trial ***must proceed*** unless the appellate court orders otherwise." Fed. R. Civ. P. 50(c) (emphasis added).

Here, the Federal Circuit has not "order[ed] otherwise." *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, 172 F.4th 1367, 1382 (Fed. Cir. 2026) ("[W]e reverse the district court's ***JMOL*** and remand for any necessary or appropriate further proceedings consistent with this opinion." (emphasis added)). Teva's arguments to the contrary ignore (1) its clear waiver of the new trial

issue on appeal and (2) the difference between the JMOL standard applied by the Federal Circuit and the weight of the evidence standard applied by this Court in granting a new trial.

### A. Teva Waived Any Objection To The Conditional Grant Of A New Trial.

The Federal Circuit did nothing more than reverse the grant of JMOL and remand. *Teva*, 172 F.4th at 1382. It did not reverse or vacate the grant of a new trial, which is unsurprising given that Teva never appealed the conditional grant of Lilly's motion for a new trial and therefore waived the issue. Teva's opening brief raised only JMOL issues in its "Statement of the Issues," addressed only the legal standard for JMOL, and requested only that "[t]he judgment of the district court entering JMOL for Lilly on lack of written description and enablement should be reversed, or at a minimum vacated." Teva Br. at 5, 23-24, 60, *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, 24-1094 (Fed. Cir. Feb. 2, 2024). Teva never once mentioned the conditional grant of a new trial.

The purpose of requiring a district court to issue a conditional new trial ruling under Rule 50(c)(1) is to allow the party that has had JMOL entered against it to challenge the JMOL and conditional new trial rulings in a single appeal. *See* Fed. R. Civ. P. 50, 1963 Amendment Advisory Committee Note to Subdivision (c) ("The party against whom the judgment n.o.v. was entered below may, as appellant, besides seeking to overthrow that judgment, also attack the conditional grant of the new trial."). If Teva had challenged the new trial ruling, the Federal Circuit could and would have ruled on it. *See Biogen MA Inc. v. EMD Serono, Inc.*, 976 F.3d 1326, 1328 (Fed. Cir. 2020) (ruling on both JMOL and conditional grant of a new trial); *Medisim Ltd. v. BestMed, LLC*, 758 F.3d 1352, 1361 (Fed. Cir. 2014) (vacating grant of JMOL but affirming grant of new trial). But Teva opted not to challenge the new trial ruling in the Federal Circuit.

Teva's waiver prevents it from challenging this Court's grant of a new trial now. *ams-OSRAM USA Inc. v. Renesas Elecs. Am., Inc.*, 133 F.4th 1337, 1351-1352 (Fed. Cir. 2025) (holding that the party "lost the right to make the argument on remand" when it failed to raise a ripe issue

in the first appeal); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1349 (Fed. Cir. 2001) ("Because Biomet failed to raise this issue, clearly implicated in the initial decision of the district court, our mandate in *Tronzo I* acted to prevent Biomet from raising this issue on remand or in any future proceedings in this litigation."); *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999) ("[T]he court is entitled to assume that an appellant has raised all issues it deems important against a judgment appealed from. An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived.").

**B. A Retrial Is Consistent With The Federal Circuit's Decision.**

The Federal Circuit did not disturb this Court's grant of a new trial and proceeded entirely under the JMOL standard of review. *See Teva*, 172 F.4th at 1373, 1382. Teva nonetheless contends that a new trial is necessarily inconsistent with the Federal Circuit's decision. Teva is incorrect. The Federal Circuit's decision reversing the grant of JMOL has no effect on this Court's conditional grant of a new trial, which is governed by a completely different standard.

As this Court's memorandum order explained, "the Court's power to grant a Rule 59 motion for a new trial 'is much broader than its power to grant a [motion for judgment as a matter of law].'" ECF 695 at 2 (quoting *Jennings v. Jones*, 587 F.3d 430, 436 (1st Cir. 2009)). The First Circuit has "repeatedly recognized that unlike review of JMOL, the new trial motion standard of review is concerned with whether the verdict is against the weight of the evidence, an assessment made through the lens of abuse-of-discretion review and not requiring that [it] take the evidence in favor of the verdict." *Jennings*, 587 F.3d at 438. Put another way, "a district court may err in granting a motion for JMOL and not abuse its discretion in granting a motion for a new trial." *Id.* at 439; *see also* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2806 (3d ed.) ("On a motion for a new trial … the judge may set aside the verdict even though there is substantial evidence to support it. The judge is not required to take that view of the evidence most favorable to the verdict-

winner.… [O]n a motion for a new trial on the ground that the verdict is against the weight of the evidence, the judge is free to weigh the evidence." (footnotes omitted)).

Teva's arguments to the contrary are meritless. *First*, Teva contends that, while Fed. R. Civ. P. 50(c)(2) requires a conditional new trial to go forward if JMOL is reversed, the Federal Circuit's formulation of the remand instruction was so unique as to have deliberately "order[ed] otherwise." But remand language for "further proceedings" "consistent with" its opinion is common boilerplate. *E.g., Schmeisser GmbH v. AC-Unity d.o.o.*, 2016 WL 2198585, at *1 (Fed. Cir. July 20, 2026) ("We … *remand* for further proceedings consistent with this opinion."). The Federal Circuit did not order this Court to abandon its separate new trial decision issued under a different legal standard—it did not address the new trial because Teva failed to raise it on appeal.

*Second*, Teva contends that Lilly forfeited any argument to a post-remand new trial by not including an "alternative" argument under Teva's theory of the law in its post-trial motion. But, Teva has it backwards: Lilly ***won*** its motion for a new trial, which ***Teva*** failed to appeal. There is nothing for Lilly to forfeit. If Teva thought that this Court's order that "were the Federal Circuit to vacate this judgment, a new trial would be warranted," ECF 697, rose or fell with the Court's JMOL ruling, Teva could have challenged the conditional new trial grant on appeal. It did not.

The difference between the JMOL and new trial standards is highlighted by one of the alleged "key facts" Teva cites.[1] Even if "a POSA ***could have*** believed the anti-CGRP antagonist antibodies would treat headache" under the substantial-evidence standard viewing the evidence in the light most favorable to Teva, ECF 695 at 39 n.23 (emphasis added), the weight of the evidence

---

[1] Lilly disputes Teva's characterization of the Federal Circuit's opinion as "explain[ing] that" the three key facts "were sufficient to support judgment for Teva." The Federal Circuit merely discussed, ***under the JMOL standard***, certain facts a juror could have found ***under the JMOL standard***.

showed otherwise: The record overwhelmingly showed that undue experimentation was required to find the full scope of antibodies and "effective amount[s]" that would work, including to treat the full scope of different categories of headache encompassed by the claims. As this Court noted, Lilly's antibody, galcanezumab, was effective for treating cluster headaches, while the only humanized antibody disclosed in the specification—Teva's G1—is not marketed for cluster headaches. ECF 695 at 15, 31 (citing Trial Tr. 12-206:25-207:5, 12-97:25-98:8). In fact, G1 did not meet its endpoint in clinical trials for cluster headache even when administered in a much higher amount. Trial Tr. 4-196:9-199:23 (Teva's episodic cluster headache trial, testing doses up to 900 mg, was terminated early); *id.* at 4-167:8-18 (Lilly's approved cluster headache dose is 300 mg). A plethora of other evidence at trial showed the difficulty of determining whether a particular antibody is a CGRP antagonist, whether a particular humanized anti-CGRP antibody would treat a particular kind of headache, and what an effective amount would be. *E.g.*, *id.* at 12-168:23-170:2 (finding how to effectively treat full headache scope is an "undoable" "antibody-by-antibody, headache-by-headache, administration-by-administration project"); *id.* at 12-185:14-188:8 (Teva abandoned posttraumatic headache indication following failed trial); *id.* at 12-192:9-193:14 (no expectation that CGRP-targeted therapies work for chronic tension-type headache); *id.* at 13-126:11-23 (effective amount "absolutely not" the same for each antibody); *id.* at 3-54:13-18 (as of 2006, determination of an effective amount of anti-CGRP antibody to treat migraine was "[n]ot done"); *see also id.* at 12-171:5-172:16, 12-192:4-8, 3-35:10-15, 11-140:7-147:13.

Finally, Teva wrongly implies that this Court applied an incorrect legal standard in granting a conditional new trial. This Court's new trial ruling was about the weight of the ***evidence***, not whether Teva's position was deficient ***as a matter of law***. The Court was exercising its safety-valve authority to order a new trial based on the total mix of evidence. Nothing in the Federal

Circuit's decision on the law moots this Court's assessment of the facts. While Teva can request jury instructions incorporating the Federal Circuit's legal holdings if appropriate, the new trial will merely give a new jury a fresh opportunity to weigh the facts. Because the Federal Circuit did not purport to rule on this Court's new trial grant and the written description and enablement verdict was against the weight of the evidence, this Court should not abandon its prior new trial grant.

### C. A Limited Retrial Taking No More Than One Week Should Be Set For After The Supreme Court Rules On Lilly's Forthcoming Petition For *Certiorari*.

Lilly disagrees with the Federal Circuit's reversal of JMOL and plans to petition the Supreme Court for *certiorari*. Lilly respectfully requests that the Court schedule the retrial sufficiently in the future to allow the Supreme Court a fair opportunity to consider any petition for *certiorari*—for example, scheduling trial in the second half of 2027. The retrial should be limited to written description and enablement only. The Court's new trial grant addressed only written description and enablement, and there is no basis to relitigate infringement or damages. Lilly's position is that the limited retrial would require at most a single week of trial time.[2]

## II. Further Proceedings On Damages Should Wait Until After The Retrial Or, At Minimum, Until Final Sales Figures Are Available.

[2] Contrary to Teva's contention, Lilly does not seek to stay the mandate under 28 U.S.C. § 2101(f). The mandate set no timeline for further action; Lilly merely asks the Court to exercise its inherent case-management authority to schedule the retrial sufficiently far out to allow the Supreme Court to consider the petition. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Chinaryan v. City of Los Angeles*, 122 F.4th 823, 825 (9th Cir. 2024). That request is unlike the stay in *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 2024 WL 1494375 (D. Mass. Apr. 5, 2024), which would have effectively continued treating a case revived on appeal as dismissed. Further, the idea that the Supreme Court will not grant review because it addressed § 112 in *Amgen Inc. v. Sanofi*, 598 U.S. 594 (2023), makes little sense. The dissent from the denial of rehearing en banc agreed with amici that the panel decision attempts an "end-run around *Amgen*." ECF 100, at Dissent 5, No. 24-1094 (Fed. Cir.). And the parties on *opposite sides* of *Amgen* filed a joint brief explaining that the panel decision is "inconsistent, both scientifically and legally, with the *Amgen* decision." ECF No. 90, at 2, No. 24-1094 (Fed. Cir.). *Amgen* increases the likelihood of review.

Any further damages proceedings—which would involve, at most, accounting-type proceedings before the Court—should wait until after the retrial, which could moot damages. Moreover, because the patents expire in less than a month, any supplemental damages discovery and briefing should wait until Lilly can produce financial data through patent expiration, allowing all supplemental damages issues to be addressed together. Lilly will be able to produce final sales figures through patent expiration by mid-February 2027, six weeks after the fourth quarter ends.

Lilly objects to Teva's apparent request that Teva alone be permitted to file a supplemental brief and requests that the Court set a briefing schedule that allows Lilly to respond. Teva's request for an enhanced royalty rested on the premise that Lilly's post-verdict infringement was willful, which is untenable in light of the Court's JMOL ruling. Moreover, Teva's position depended on the Declaration of Lisa J. Cameron, which was the subject of Lilly's motion to strike. ECF 655; *see* ECF 696 (denying motion to strike as moot). Should Teva continue to rely on that declaration, Lilly would renew its motion to strike.

Dated: October 23, 2026

/s/ Elaine Hermann Blais

Douglas J. Kline (BBO# 556680)
Elaine Herrmann Blais (BBO# 656142)
Robert Frederickson III (BBO# 670111)
Molly Grammel (BBO# 688439)
Kevin P. Martin (BBO# 655222)
Joshua S. Weinger (BBO# 690814)
Alexandra Lu (BBO# 691114)
Eric T. Romeo (BBO# 691591)
Kathleen A. Treaster (BBO# 693760)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
dkline@goodwinlaw.com
kmartin@goodwinlaw.com
eblais@goodwinlaw.com
rfrederickson@goodwinlaw.com
mgrammel@goodwinlaw.com
jweinger@goodwinlaw.com
alu@goodwinlaw.com
eromeo@goodwinlaw.com
kmcguinness@goodwinlaw.com

Natasha E. Daughtrey (*pro hac vice*)
GOODWIN PROCTER LLP
601 S. Figueroa St.
Los Angeles, CA 90017
Tel.: (213) 426-2500
Fax: (213) 623-1673
ndaughtrey@goodwinlaw.com

Respectfully Submitted,

/s/ Joseph J. Mueller

Joseph J. Mueller (BBO# 647567)
Kevin S. Prussia (BBO# 666813)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Fax: (617) 526-5000
joseph.mueller@wilmerhale.com
kevin.prussia@wilmerhale.com

Amy K.Wigmore (BBO# 629275)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Phone: (202) 663-6000
Facsimile: (202) 663-6363
amy.wigmore@wilmerhale.com

Christopher R. Noyes (BBO# 654324)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Tel.: (212) 295-6823
Fax: (212) 230-8888
christopher.noyes@wilmerhale.com

Andrea L. Martin (BBO# 666117)
TROUTMAN PEPPER LOCKE
111 Huntington Ave. 9th Floor
Boston, MA 02199
(617) 239-0113
amartin@troutman.com

Charles E. Lipsey
Ryan P. O'Quinn
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street

Madeline R. DiLascia (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street N.W.
Washington, D.C. 20036
Tel.: (202) 346-4000
Fax: (202) 204-7250
mdilascia@goodwinlaw.com

Grace P. Truong (*pro hac vice*)
Gabriel B. Ferrante (*pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 8th Ave
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
gtruong@goodwinlaw.com
gferrante@goodwinlaw.com

*Attorneys for Plaintiffs Teva Pharmaceuticals International GmbH and Teva Pharmaceuticals USA, Inc.*

Suite 800
Reston, VA 20190-6023
Charles.Lipsey@finnegan.com
Oquinnr@finnegan.com

Emily R. Gabranski (BBO# 694417)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
2 Seaport Lane
Boston, MA 02210-2001
Emily.Gabranski@finnegan.com

William B. Raich
Danielle A. Duszczyszyn
Denise Main
Pier D. DeRoo
Matthew Luneack
Yoonjin Lee
Sydney R. Kestle
J. Michael Jakes
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
William.Raich@finnegan.com
Danielle.Duszczyszyn@finnegan.com
Denise.Main@finnegan.com
Pier.DeRoo@finnegan.com
Matthew.Luneack@finnegan.com
Yoonjin.Lee@finnegan.com
Sydney.Kestle@finnegan.com
Mike.Jakes@finnegan.com

*Counsel for Defendant Eli Lilly & Company*

**CERTIFICATE OF SERVICE**

I, Elaine Herrmann Blais, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on October 23, 2026.

*/s/ Elaine Herrmann Blais*
Elaine Herrmann Blais (BBO# 656142)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
eblais@goodwinlaw.com